Filed 5/20/26  Nevada County Dept. of Child Support Services v. Oleson CA3

<u>NOT TO BE PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Nevada)

| | |
|---|---|
| NEVADA COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES,<br>    Plaintiff and Respondent,<br><br>v.<br><br>JONATHAN PAUL OLESON,<br>    Defendant and Appellant;<br><br>TEIGHLOR ANDERSON,<br>    Respondent. | C103553<br><br>(Super. Ct. No. FL0002741) |

This is an appeal from a child support order.  Applying the statewide statutory guideline formula for calculating child support obligations (Fam. Code, § 4050 et seq.),[1] the trial court ordered defendant Jonathan Paul Oleson (father) to pay respondent Teighlor Anderson (mother) child support in the amount of $654 per month.  The calculation was based on a 70/30 time-share and a finding that the monthly gross incomes of father and mother were $4,333 and $4,000, respectively.

Defendant, appearing in propria persona, contends that the trial court erred by (1) imputing income to him based on his earning capacity rather than his actual work

_____

[1] Undesignated section references are to the Family Code.

1

history; (2) refusing to reduce the guideline support amount to account for his visitation-related travel expenses; (3) using inflated and unsubstantiated income figures for mother; (4) placing such a heavy financial burden on him that it will necessarily impair his visitation rights; and (5) failing to adequately explain its refusal to deviate from the guideline amount. Finding no error, we affirm.

BACKGROUND FACTS AND PROCEDURE

The limited record on appeal establishes that mother and father are the parents of two children. Under the current custody arrangement, mother and father share joint physical custody. Mother, who previously was permitted to relocate to Minnesota, has primary physical custody of the children with a 70 percent time-share. Father, in California, has physical custody the other 30 percent of the time.

At some time prior to February 2025, the Nevada County Department of Child Support Services (the Department) filed an action to establish father's child support obligation. A contested hearing on the matter was held on February 13, 2025.

Before the hearing, each party served and filed an updated income and expense declaration. In his declaration, filed on February 6, 2025, father estimated his gross income to be about $1,000 per week ($25 per hour at about 40 hours per week, or about $4,333 per month). During the previous 12 months, father claimed that his average monthly income was $3,937.41, with average monthly expenses of $3,237.50. Father claimed that during that same period, he also received a total of $6,538 in one-time gifts from family and friends. Father also attached a "profit and loss" statement for 2023, which showed a "profit" of $28,721.75, with "expenses" of $2,808.66, and an additional $4,800 in "donations received." Father declared that his financial situation had changed over the preceding year because he had taken a seasonal contract from March 2024 through December 2024 and was "in the process of transitioning [his] career."

Mother's income and expense declaration estimated her gross monthly income at $4,000 per month. During the previous 12 months, she claimed that her average monthly

2

income was $2,000 and that her average monthly expenses were $1,845. Mother disclosed that her financial situation had changed because her day care business was "becom[ing] slightly more profitable."

At the contested hearing (the hearing), the Department requested that father be ordered to pay child support to mother at the statewide statutory guideline amount (§ 4055), calculated as $654 per month. The Department acknowledged a prior court ruling that father's travel expenses for visitation would be considered as part of any child support order, but the Department argued that the court still had discretion to decide whether the travel expenses justified a reduction in the guideline amount.

Both mother and father testified at the hearing. Father did not dispute the 30 percent time share but argued that it was improper to assume that he would earn $1,000 per week throughout the year. He asserted that the guideline calculation should be based on his average monthly income during the preceding year, about $3,900, not the $4,333 used by the Department.

Regarding his travel expenses, father testified that a prior court order required mother to share half of his travel costs twice per year and stated that his other travel expenses would be considered as part of the child support determination. Father testified that his travel expenses for visitation averaged about $1,000 a month. He argued that his child support obligation should be reduced to account for this expense.

Mother opposed any reduction in the guideline amount, arguing that she needed father's full support to pay for their children's basic necessities.

Like mother, the Department opposed any deviation from the guideline. The Department noted that father's account of his income and expenses raised "credibility issues." The Department was concerned that it was "not getting a clear picture of [father's] actual income and expenses." Nevertheless, the Department observed that father's reported income was "pretty consistent" across three different income and

3

expense declarations: "He's either saying 1,000 bucks a week or 25 bucks an hour at about 40 hours a week."[2]

Following the hearing, the trial court ordered father to pay the guideline amount of $654 per month in child support. The court's judgment states that the "language indicating [that the c]ourt shall consider costs [of travel] for other timeshare, when child support order is sought, did not deprive this court of its discretion as to those other costs under [Family Code section] 4062[, subdivision] (b). The Court utilizes its discretion, has considered [father's] request to utilize costs for other timeshare and denies [father's] request to consider those costs as an add-on to child support."

On April 11, 2025, father timely appealed the court's judgment.

DISCUSSION

On appeal, father challenges five aspects of the child support order. First, he contends the trial court abused its discretion by imputing income to him based on his earning capacity rather than his actual work history. Second, he contends the court erred by excluding his visitation-related travel expenses from the child support calculation. Third, he contends that the trial court's order violated section 4053 by placing an excessive financial burden on him that will impair his court-ordered visitation. Fourth, he contends the court relied on inflated and unsubstantiated income figures for mother. Fifth, he contends the court failed to make adequate findings explaining why it refused to adjust the guideline support amount. We conclude that none of these contentions has merit.

---

[2]     We cannot verify if this is true because the record on appeal only includes father's most recent income and expense declaration, dated February 6, 2025.

# I

## *Legal Principles*

California has a strong public policy in favor of adequate child support. (*In re Marriage of Leonard* (2004) 119 Cal.App.4th 546, 555.) That policy is reflected in the statutes embodying the statewide uniform child support guideline. (*Id*. at p. 556; see §§ 4050-4077.) In implementing the guideline, courts are required to adhere to certain principles, including these: "A parent's first and principal obligation is to support the parent's minor children according to the parent's circumstances and station in life." (§ 4053, subd. (a).) "Both parents are mutually responsible for the support of their children." (*Id*., at subd. (b).) "Each parent should pay for the support of the children according to the parent's ability." (*Id*., at subd. (d).)

Courts calculate the "guideline" amount of child support by applying a rigid algebraic formula found at section 4055. (*In re Marriage of Cryer* (2011) 198 Cal.App.4th 1039, 1047 (*Cryer*); *In re Marriage of Hall* (2000) 81 Cal.App.4th 313, 316-317 (*Hall*); see § 4055.) This is a "tedious job" because it requires accurate assessments of each parent's taxable income and the time in which the higher earner of the two parents has primary physical responsibility for the children, compared to the other parent. (*Hall,* at p. 317; see *In re Marriage of Fini* (1994) 26 Cal.App.4th 1033, 1040-1041 [criticizing the process as a "costly and confusing nightmare," which "requires the use of a computer and which is not understood by anyone, least of all the affected parties"].) Nevertheless, the calculation of the guideline amount is mandatory. (*Hall,* at pp. 316-317; *Brothers v. Kern* (2007) 154 Cal.App.4th 126, 133.)

By statute, the amount of support established by the guideline formula is presumed to be the correct amount of child support. (§ 4057, subd. (a).) However, the presumption is rebuttable. (*Id*., at subd. (b).) It may be rebutted by admissible evidence showing that application of the formula would be "unjust or inappropriate" due to special circumstances in the particular case. (*In re Marriage of Rodriguez* (2018) 23 Cal.App.5th

625, 636 (*Rodriguez*); *In re Marriage of Schlafly* (2007) 149 Cal.App.4th 747, 753 (*Schlafly*); *County of Stanislaus v. Gibbs* (1997) 59 Cal.App.4th 1417, 1419; §§ 4052, 4057, subd. (b).)

Whenever the court orders support that differs from the guideline amount, the court must state, in writing or on the record, (1) the amount of support that would have been ordered under the guideline formula, (2) the reasons why the support ordered differs from the guideline amount, and (3) the reasons why the different amount is consistent with the best interests of the child. (§ 4056, subd. (a); *In re Marriage of Whealon* (1997) 53 Cal.App.4th 132, 144; *Y.R. v. A.F.* (2017) 9 Cal.App.5th 974, 984 [" ' "[A] court *cannot* exercise its discretion [to deviate from the guideline] … without saying why, either in writing or on the record." ' "].) In addition, at the request of either party, the court must "make appropriate findings with respect to the circumstances on which the order for support of a child is based." (§ 4005; see § 4056, subd. (b).)

II

*Standard of Review*

We review an award of child support for abuse of discretion. (*Cryer, supra,* 198 Cal.App.4th at p. 1046.) In reviewing the exercise of that discretion, we consider whether "the trial court exceeded the bounds of reason, all of the circumstances before it being considered." (*In re Marriage of Rothrock* (2008) 159 Cal.App.4th 223, 229 (*Rothrock*).) When two or more inferences can reasonably be deduced from the facts, we will not substitute our judgment for that of the trial court and will disturb the trial court's decision only if no judge could have reasonably made the challenged decision. (*Id.* at p. 230; *Cryer,* at pp. 1046-1047.) We limit our review of the trial court's findings of fact to determining whether they are supported by substantial evidence. (*Rothrock,* at p. 230.) To the extent the trial court's decision reflects an interpretation of a statute, it presents a question of law that we review de novo. (*Ibid.*)

6

In carrying out our review, we bear in mind the fundamental principle of appellate review that a judgment or order is presumed correct and that the appellant has the burden to demonstrate, on the basis of the appellate record, that reversal is justified. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609.) Failure to do so requires that the issue be resolved against appellant. (*Ibid*.; *Kennedy v. Eldridge* (2011) 201 Cal.App.4th 1197, 1203 [the appellant's burden to affirmatively demonstrate prejudicial error is not diminished by a respondent's failure to file a brief].) Father is not exempt from this rule because he is representing himself on appeal. Self-represented litigants are entitled to the same, but no greater, consideration than other litigants and attorneys. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1247.)

## III

### *Analysis*

#### A. *Father's Income*

Father claims that the trial court abused its discretion by imputing income to him based on his capacity to work "full-time" (40 hours per week), instead of using his actual, seasonally-variable work history. As a result, he contends the trial court miscalculated his gross monthly income as $4,333 per month ($25/hr. × 40hrs./wk. × 52 wks. ÷ 12), when his actual income is only about $3,900 per month. We find no abuse of discretion.

To begin, it is not clear that this is an "earnings capacity" case. Although father testified that his gross monthly income was around $3,900 per month, his own income and expense declaration stated that his *current* job was expected to generate $25 an hour for about 40 hours per week, which equates to $4,333 in gross monthly income. Further, according to the Department, father's previous income and expense declarations also stated that he grossed about $1,000 per week. Thus, it was not necessary for the court to impute income to father; the court could simply credit the evidence showing father's gross monthly income was about $4,333. (See *In re Daniel G.* (2004) 120 Cal.App.4th

7

824, 830 [the trier of fact may believe and accept as true part of a witness's testimony and disregard the rest]; *Rothrock, supra*, 159 Cal.App.4th at p. 230 [presenting facts which allow for a difference of opinion does not establish an abuse of discretion].)[3]

In any event, section 4058 expressly provides that a court "may, in its discretion, consider the earning capacity of a parent in lieu of the parent's income, consistent with the best interests of the children." (§ 4058, subd. (b)(1)(B); *Schlafly, supra*, 149 Cal.App.4th at p. 754.) Thus, even if the court imputed income to father, it was not necessarily erroneous to do so. A trial court's decision to impute income based on the parent's earning capacity is reviewed under the abuse of discretion standard. (*In re Marriage of Hinman* (1997) 55 Cal.App.4th 988, 994.)

Citing *In re Marriage of Bardzik* (2008) 165 Cal.App.4th 1291, 1303-1304, father argues that it is an abuse of discretion to impute income based upon a parent's earning capacity without evidence that the parent has both the ability and opportunity to earn that income. Father contends no such evidence was presented here. However, in the absence of any showing that father raised this objection in the court below, we conclude that he has forfeited the right to raise it on appeal. (*Delta Stewardship Council Cases* (2020) 48 Cal.App.5th 1014, 1074.) Thus, to the extent the trial court imputed income to father based on his capacity to work a full-time position, we find no abuse of discretion.

B.     *Mother's Income*

Father complains that the trial court also relied on inaccurate and unsupported income figures for mother. He contends that although mother claimed $4,000 per month

---

[3]     We note here that the gross income stated on a parent's tax returns is deemed presumptively correct. (*In re Marriage of Loh* (2001) 93 Cal.App.4th 325, 332.) In this case, the Department apparently reviewed father's tax returns and found they did not provide "any additional insight" as to his income. However, we are unable to evaluate the truth of this statement because the tax returns are not part of the record on appeal. (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187 [if the record is inadequate for meaningful review, the decision of the trial court should be affirmed].)

in gross income, her Schedule C showed a net profit in 2023 of only $14,646 (equivalent to about $1,220 per month).

We do not understand why father is raising this objection, as using an artificially "inflated" amount for mother's monthly gross income would seemingly have the effect of *reducing* the amount that father is required to pay. (See § 4055.) Regardless, we disagree that mother's income lacked evidentiary support—it was supported by mother's income and expense declaration, which she signed under penalty of perjury. Indeed, father's own income and expense declaration estimated mother's gross monthly income to be $4,000 based on the statements in her income and expense declaration form. The trial court apparently did the same. This was not an abuse of discretion.

C. *Father's Travel Expenses*

We now turn to father's argument that the trial court abused its discretion by refusing to adjust the guideline support amount to account for father's visitation-related travel expenses.

Father argues that under section 4062 and *Wilson v. Shea* (2001) 87 Cal.App.4th 887, a trial court may reduce the guideline amount to accommodate a noncustodial parent's travel expenses for visitation. Given the prior court ruling that father's travel expenses would be considered as part of any child support order, and father's "undisputed" testimony that his travel expenses average about $1,000 per month, father argues that the trial court's refusal to adjust the guideline amount was an abuse of discretion.

We agree that visitation-related travel expenses *can be* a sufficient reason to vary the guideline amount in move-away cases. (§ 4062, subd. (b); *Wilson v. Shea, supra*, 87 Cal.App.4th at pp. 893-895; § 4062, subd. (b)(2); but see *In re Marriage of Gigliotti* (1995) 33 Cal.App.4th 518, 527-529 [concluding that nothing in the Family Code authorizes a trial court to reduce the guideline amount based on visitation-related travel expenses].) Nevertheless, the guideline amount of child support is presumed to be

9

correct, and when a parent seeks a downward departure from the guideline amount, it is that parent's burden to establish that application of the guideline would be unjust or inappropriate and that the lower amount would be consistent with the child's best interests. (*County of San Diego v. P.B.* (2020) 55 Cal.App.5th 1058, 1069; *S.P. v. F.G.* (2016) 4 Cal.App.5th 921, 930; §§ 4052, 4056, subd. (a), 4057, subds. (a) & (b).) Further, a trial court has "broad discretion" to determine whether the special circumstances exist to justify a departure from the presumptively correct guideline amount. (*Rodriguez, supra*, 23 Cal.App.5th at p. 636; *Cryer, supra*, 198 Cal.App.4th at p. 1049.) On review, " '[w]e do not substitute our judgment for that of the trial court, but confine ourselves to determining whether any judge could have reasonably made [such an] order.' " (*Rodriguez,* at p. 636.)

Here, although we might have exercised our discretion differently, we cannot conclude that the trial court abused its discretion by refusing to deviate from the guideline amount based on father's travel expense claims. The trial court reasonably may have concluded that father will be able to maintain the visits with his children while paying the full guideline amount, either by reducing his discretionary spending or by borrowing money from his family. (*In re Marriage of Denise & Kevin C.* (1997) 57 Cal.App.4th 1100, 1101-1102, 1106-1107 [the curtailment of a noncustodial parent's discretionary spending is not a "special circumstance" justifying a reduction in the guideline amount]; see also *In re Marriage of Gigliotti, supra*, 33 Cal.App.4th at p. 527 [observing that a child's level of support should not be reduced *solely* because the custodial parent, with the court's permission, moved away].) The court also may have concluded that *Wilson v. Shea, supra*, 87 Cal.App.4th at page 895, is distinguishable because, unlike that case, there is no evidence here of "active interference by the custodial parent with the noncustodial parent's relationship with [the] child." A reasonable court could have refused to reduce the guideline amount of support based on father's travel expense claims. Thus, we find no abuse of discretion.

This also disposes of father's argument that the trial court failed to act in the best interests of the children, and violated section 4053, by impairing his court-ordered visitation rights.

D. *Adequacy of the Court's Findings*

We also reject father's contention that the trial court erred by failing to adequately explain its decision to deny an adjustment to the guideline support amount. Because the court adhered to the guideline formula, the court was not required to further explain its reasoning. (*In re Marriage of Katzberg* (2001) 88 Cal.App.4th 974, 984.) A trial court is only required to do that when " 'ordering an amount for support that differs from the statewide uniform guideline formula amount.' " (*Ibid.*, fn. omitted; § 4056, subd. (a); see *Schlafly, supra*, 149 Cal.App.4th at pp. 756-757.)

DISPOSITION

The trial court's order is affirmed.

\s\ _____
KRAUSE, Acting P. J.

We concur:

\s\ _____
BOULWARE EURIE, J.

\s\ _____
WISEMAN, J.*

---

\*     Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.